*J. C. Hall*, for plaintiff in error.

*M. D. Browning*, for defendant.

———•••———

## WRIGHT *v.* HUGHES, *et al.*

The time of sueing out a writ of error, is determined by the date of its service upon the clerk, to whom it is directed.

### *Error to Lee District Court.*

*Opinion by* GREENE, J. A motion is made in this case to dismiss the writ of error, on the ground that it was not

sued out within three years after the rendition of the judgment, as limited by statute.

The record shows that the judgment was rendered October 24th 1845. The writ of error appears to have been first dated, on the 1st day of "Nov." 1848, but the word "Nov." is partly erased and October inserted. On the 22nd of November the writ was filed with the clerk of the district court.

In support of the motion, it is urged that the only authentic evidence of the time of sueing out a writ of error, is the date of its service upon the clerk of the district court, to whom it is directed.

As the clerk of the supreme court is authorized by law, to issue blank writs of error to any attorney of the court, to fill up as occasion may require, and as they are subject to be antedated to suit particular cases, the law limiting the time for sueing out writs of error, to three years from the date of the judgment, might be grossly evaded, by taking the date of the writ as a reliable test of the time it was sued out. If writs of error were dated and filled up by the officer issuing them, as is usual with other writs, their date would be regarded as evidence of the time, they were really sued out. But under our practice, in order to prevent an abuse of the law in that particular, we deem it the safest rule, to be guided by the date the writ was served upon, or filed by the clerk of the district court, to whom it is directed.

The writ of error in the present case, not having been sued out in time, the motion to dismiss is granted.

Motion granted.

*J. C. Hall*, for plaintiff in error.

*H. T. Reid*, for defendants.